## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2020, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jillian N. Hodges,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 16, 2020<br><br>Court of Appeals Case No.<br>20A-CR-150<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause Nos.<br>02D05-1908-F6-956, 02D04-1908-CM-4004, 02D05-1909-F6-1090, 02D05-1909-F6-1190 |

**Crone, Judge.**

# Case Summary

Jillian N. Hodges appeals the aggregate sentence imposed in four separate causes, arguing that it is inappropriate based on the nature of the offenses and her character. Because the sentencing orders in two of the causes are unclear as to whether the sentences in those causes are concurrent or consecutive to the sentences in the other causes, we cannot determine the aggregate length of Hodges' sentences to review its appropriateness.[1] Accordingly, we remand for clarification as to how the sentence in each cause is to be served in relation to the sentences in the other causes.

# Facts and Procedural History

On August 5, 2019, in cause number 02D05-1908-F6-956 (Cause 956), the State charged Hodges with level 6 felony possession of a narcotic drug and class A misdemeanor criminal conversion for her conduct on July 30, 2019. On August 22, 2019, Hodges was conditionally released on these charges.

On August 28, 2019, in cause number 02D04-1908-CM-4004 (Cause 4004), the State charged Hodges with class A misdemeanor criminal conversion for her conduct on August 22, 2019. On September 17, 2019, she was released on her own recognizance.

---

[1] The Indiana Offender Database maintained by the Department of Correction does not provide a projected release date for Hodges.
https://www.in.gov/apps/indcorrection/ofs/ofs?lname=Hodges&fname=Jillian&search1.x=45&search1.y=18.

[4] On September 3, 2019, in cause number 02D05-1909-F6-1090 (Cause 1090),[2] the State charged Hodges with level 6 felony possession of a syringe, two counts of level 6 felony neglect of a dependent, and class C misdemeanor possession of paraphernalia for her conduct on July 22, 2019.

[5] On September 20, 2019, in cause number 02D05-1909-F6-1190 (Cause 1190), the State charged Hodges with level 6 felony possession of a narcotic drug, class B misdemeanor false informing, and class C misdemeanor possession of paraphernalia for her conduct on September 17, 2019.

[6] On October 7, 2019, Hodges agreed to plead guilty as charged in the four causes and waived her right to be sentenced within thirty days, and the trial court ordered her placed into the Drug Court Diversions Program. Hodges also signed a drug court participation agreement. On October 16, 2019, Hodges was released to her drug court manager to start residential treatment at Park Center. Three days later, she left Park Center without permission.

[7] On December 2, 2019, Hodges' drug court case manager filed a petition to terminate Hodges' participation in drug court. The petition alleged that Hodges violated the terms of her participation agreement by failing to complete the residential treatment program, failing to appear in court, failing to submit to random urine screens, failing to report to her case manager, and failing to

---

[2] The parties and the transcript misidentify this cause as 02D04-1909-F6-1090. When Hodges' guilty plea was entered, the case was transferred to "Superior Court 02D05." Appellant's App. Vol. 2 at 114. The appealed order indicates the cause number is 02D05-1909-F6-1090.

maintain good behavior by being arrested on November 25, 2019, for level 6 felony possession of methamphetamine and class B misdemeanor false informing. At a hearing on December 2, Hodges admitted to the allegations, and the trial court revoked her placement in drug court.

[8] On January 7, 2020, the trial court conducted a sentencing hearing for all four causes. The trial court found Hodges guilty as charged in all four causes and proceeded to sentencing. The trial court found that Hodges' guilty plea, acceptance of responsibility, and expressions of remorse were mitigating factors. The court found that her criminal record, consisting of two juvenile delinquency adjudications, two felony convictions, and four misdemeanor convictions, was an aggravating factor. In Cause 956, the trial court sentenced Hodges to concurrent executed terms of two years for the level 6 felony and one year for the class A misdemeanor. The court stated that the aggregate two-year term in Cause 956 would be consecutive to the sentence ordered in Cause 1190. Tr. Vol. 2 at 33;[3] Appealed Order Cause 956 at 1. In Cause 1090, the trial court ordered concurrent executed terms of two years for each level 6 felony conviction and sixty days for the class C misdemeanor conviction. The trial court did not specify whether the sentence for this cause was concurrent with or consecutive to the sentences for the other causes. Tr. Vol. 2 at 33; Appealed Order Cause 1090 at 1. In Cause 1190, the trial court noted as an additional

---

[3] For simplicity and consistent with the parties, the transcript cited throughout this decision is for Cause 1190.

aggravator that Hodges was on bond when she committed those offenses. Tr. Vol. 2 at 33-34; Appealed Order Cause 1190 at 1. The trial court imposed concurrent executed terms of two years for the level 6 felony conviction, 180 days for the class B misdemeanor conviction, and sixty days for the class C misdemeanor conviction. Tr. Vol. 2 at 34; Appealed Order Cause 1190 at 1. The trial court ordered that this sentence would be consecutive to the sentence in Cause 956. Tr. Vol. 2 at 34; Appealed Order Cause 1190 at 1. Finally, in Cause 4004, the trial court ordered a 365-day commitment to the Allen County Confinement Facility to be served consecutive to Cause 956. Tr. Vol. 2 at 34; Appealed Order Cause 4004 at 1. This appeal ensued.

## Discussion and Decision

[9] Hodges contends that her aggregate sentence is inappropriate and asks us to revise it pursuant to our authority under Indiana Appellate Rule 7(B). However, she initially recognizes that the trial court's order regarding Cause 1090 is silent as to whether the sentence in that cause is to be served concurrent with or consecutive to the sentences in the other causes. Pursuant to Indiana Code Section 35-50-1-2(c), a trial court is required to determine whether terms of imprisonment are to be served concurrently or consecutively. The State acknowledges that the trial court did not specify whether the sentence in Cause 1090 is to be served concurrent with or consecutive to the sentences in the other causes and requests that we remand for the trial court to do so.

[10] In addition, Hodges notes that although the sentencing order for Cause 4004 specifies that the sentence is to be served consecutive to the sentence in Cause

956, the order is silent as to whether Cause 4004 is to be served concurrent with Cause 1190 or consecutive to it. Hodges argues that if the trial court intended for Cause 4004 be consecutive to Cause 1190, it would have specifically indicated that, and because it did not, the trial court must have intended that it be concurrent. The State contends that Cause 4004 is to be served consecutive to the sentences in both Cause 956 and Cause 1190 pursuant to Indiana Code Section 35-50-1-2(e), which provides,

> If, after being arrested for one (1) crime, a person commits another crime:
>
> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>
> (2) while the person is released:
>
> (A) upon the person's own recognizance; or
>
> (B) on bond;
>
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

[11]    Here, the trial court recognized that Hodges committed the crime charged in Cause 4004 while out on bond in Cause 956 and ordered the sentences in these two causes to be served consecutively. However, the trial court was silent as to the relationship between Cause 4004 and Cause 1190. Based on the record

before us, it appears that Hodges committed the crimes in Cause 1190 after she was released on her own recognizance in Cause 4004. If that is the case, the sentences in these two causes would be statutorily required to be served consecutively. Therefore, in addition to remanding for clarification regarding the sentence in Cause 1090, we instruct the trial court to clarify whether the sentence in Cause 4004 is concurrent with or consecutive to the sentence in Cause 1190. Because we cannot determine the length of Hodges' aggregate sentence, we cannot address her inappropriateness claim at this time.

[12] Remanded.

Bailey, J., and Altice, J., concur.